```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF RHODE ISLAND
_____
                              )
SAMANTHA BINIENDA, on behalf  )
of herself and all others     )
similarly situated,           )
                              )
        Plaintiffs,           )
                              )
             v.               )    C.A. No. 15-253 WES
                              )
ATWELLS REALTY CORP., THE     )
ONE, INC. d/b/a CLUB DESIRE   )
and LUST VIP,                 )
                              )
        Defendants.           )
_____)
```

## ORDER

On April 5, 2018, the Defendants filed a Notice of Appeal (ECF No. 111) with respect to the Courts Memorandum and Order denying Defendants' Motion to Compel Arbitration (ECF No. 107). In light of the appeal, which conferred jurisdiction on the First Circuit Court of Appeals and stripped it from this Court, see Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982), on October 24, 2018, the parties filed a Motion for an Indicative Ruling (ECF No. 120) on the parties' pending Joint Motion to Approve FLSA Settlement Agreement (ECF No. 115). Pursuant to Rule 62.1 of the Federal Rules of Civil Procedure, the Motion for an Indicative Ruling is presently before the Court.

Rule 62.1(a) provides:

> If a timely motion is made for relief that the
> court lacks authority to grant because of an

> appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

The Advisory Committee Notes to that Rule further counsel that:

> Often it will be wise for the district court to determine whether it in fact would grant the motion if the court of appeals remands for that purpose. <u>But a motion may present complex issues that require extensive litigation</u> and that may either be mooted or be presented in a different context by decision of the issues raised on appeal. <u>In such circumstances the district court may prefer to state that the motion raises a substantial issue</u> . . . .

Fed. R. Civ. P. 62.1 advisory committee's note (emphasis added); <u>see also</u> <u>United States v. Maldonado-Rios</u>, 790 F.3d 62, 65 (1st Cir. 2015) (giving nod to district court issuing indicative ruling stating "either that it would grant the motion or that the motion raises a substantial issue" in circumstances where it "lacks authority to grant [motion] because of an appeal that has been docketed and is pending" (citing Fed. R. App. P. 12.1(a))).

Having reviewed the parties' submissions, the Court is satisfied that the Joint Motion to Approve FLSA Settlement Agreement (ECF No. 115) should be granted. <u>See</u> Fed. R. Civ. P. 62.1(a)(93). Accordingly, pursuant to Rule 62.1(b), the parties must promptly inform the circuit clerk of this Order. This Court will take up the Motion if and when the First Circuit remands the

2

case for that purpose. See Fed. R. Civ. P. 62.1(c); Fed. R. App. P. 12.1(a).

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date:   November 2, 2018