```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF RHODE ISLAND
_____
                               )
SAMANTHA BINIENDA, on behalf   )
of herself and all others      )
similarly situated,            )
                               )
      Plaintiffs,              )
                               )
           v.                  )    C.A. No. 15-253 WES
                               )
ATWELLS REALTY CORP., THE      )
ONE, INC. d/b/a CLUB DESIRE    )
and LUST VIP,                  )
                               )
      Defendants.              )
_____)
```

**ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is the parties' Joint Motion to Approve FLSA Settlement and for Dismissal with Prejudice (ECF No. 115). Having found the terms of the Settlement Agreement to be fair and reasonable, the Court grants the motion.

The Court may approve a joint motion to approve the settlement of FLSA claims upon a finding that all parties to the action have agreed to it, and that it represents a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Emp't Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1355 (11th Cir. 1982). When determining whether a proposed settlement is fair and reasonable, courts must consider the totality of the circumstances

including: the value of plaintiff's maximum and minimum possible recoveries, the extent to which the settlement will enable the parties to avoid the burdens of litigation, the seriousness of the litigation risks faced by both parties, and whether the agreement is the product of an arm's-length negotiation between experienced counsel. See Singleton v. AT&T Mobility Servs., LLC, 146 F. Supp. 3d 258, 260 (D. Mass. 2015) (quoting Lynn's Food Stores, 679 F.2d at 1355). Furthermore, where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award. See 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

After reviewing the pleadings and the parties' Joint Motion, it appears that the parties' proposed settlement represents a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1355. The Settlement Agreement provides Plaintiff with $35,000, which is three times the value of her maximum recovery and which represents liquidated and other compensatory damages. The agreement also pays Plaintiff's counsel $56,000, which almost fully reimburses him for the 167 hours of work and approximately $6,624 in costs he incurred litigating this case. Finally, the Agreement provides that Plaintiff's claims will be dismissed with prejudice, that she will

release any other related claims against Defendants, and that she will not apply for future employment with Defendants. The Agreement does not require Defendants to change any of the underlying employment practices that gave rise to this dispute.

With respect to the provision of attorneys' fees and costs, Plaintiff's counsel has provided a declaration establishing that he is an experienced litigation attorney who specializes in employment matters and has "spent the past ten years representing workers in class actions and individual cases involving claims for independent contractor misclassification, unpaid wages, and discrimination." (Decl. of Brant Casavant 2, ECF No. 115-2.) That declaration also indicates that both of his co-counsel possess similar credentials and experience and that the billable rate of $300.00 per hour is appropriate for all counsel in this matter given their credentials and years of experience.

Additionally, the Joint Motion indicates that the parties have fully and thoroughly vetted the merits of their claims and defenses. Prior to reaching this agreement, they engaged in several years of discovery and filed dispositive motions with this Court. Accordingly, the Court is satisfied that the Settlement Agreement was reached after an arm's-length negotiation between experienced attorneys' who fully appreciated the impending burdens of litigation and the merits of the case.

As there is no reason to suspect fraud or collusion or other unsavory motivators, it appears that settlement is in the best interest of all the parties and should be approved.

For the reasons stated, the parties Joint Motion to Approve Settlement (ECF No. 115) is hereby GRANTED.

IT IS SO ORDERED.

_____
William E. Smith
Chief Judge
Date:  November 30, 2018